*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 2, 2023

v

No. 329091
Kalamazoo Circuit Court
LC No. 2014-000785-FJ

VICTOR MANUEL GARAY,

Defendant-Appellant.

AFTER REMAND

Before: SHAPIRO, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant, age 15 at the time of the crime, was convicted of the first-degree murder of Michael Day, age 13, MCL 750.316.[1] On appeal, we affirmed his conviction but remanded for resentencing because, in our view, the trial court focused on the *Snow*[2] factors rather than the factors listed in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).[3] The prosecution and defense each sought leave to appeal to the Supreme Court. That Court, in lieu of granting leave, issued an order vacating the portion of our opinion criticizing the consideration of the *Snow* factors when the defendant is a juvenile offender. It also remanded the case to this Court to determine whether the trial court properly considered the *Miller* factors.

On October 28, 2021, we issued an opinion on remand vacating defendant's sentence and remanding to the trial court with direction to resentence defendant under further consideration of

---

[1] He was also convicted of conspiracy to commit murder, MCL 750.157a; MCL 750.316; and two counts of possession of a firearm during the commission of a felony, MCL 750.227b.

[2] *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972).

[3] *People v Garay*, 320 Mich App 29; 903 NW2d 883 (2017), vacated in part and overruled in part 506 Mich 936 (2020).

*Miller* while retaining jurisdiction.[4]  On remand, the trial court, per the parties' stipulation, ordered that defendant undergo a psychological evaluation and that report was provided to the court for its consideration at resentencing.  Defendant was resentenced on November 10, 2022, to a term of 40 to 60 years' imprisonment on the charges of first-degree murder and conspiracy to commit murder and to two-years imprisonment for the felony-firearm charges.

The resentencing transcript was filed with this Court on December 22, 2022, and neither party has moved to file supplemental briefs.

We have reviewed the resentencing transcript and, finding no abuse of discretion,[5] affirm the sentences imposed.  The trial court noted that in light of *People v Taylor*, ___ Mich ___; ___ NW2d ___ (2022) (Docket No. 154994), as well as *Miller* and the remand order, it would "find that a term of years is the appropriate sentence, unless a prosecutor has information that would establish that the defendant is that rare case that requires life in prison without parole."  The court further noted that it had reviewed the relevant law as well as the record and the presentence investigation report (PSIR) and updates regarding defendant's behavior during his incarceration.  Neither party requested changes or corrections to the PSIR.  The trial court heard extensive arguments specifically directed at the *Miller* factors.  In resentencing defendant, the court noted that "when there are youth involved, juveniles, the court has to step away from that one size fits all sentence, and actually analyze whether in fact it is an appropriate sentence as it relates to a particular defendant."  The court also observed that in the seven years since defendant had been sentenced, there is "an indication of some progress that [he] has made in terms of having a realistic assessment of his life" and that the issue was no longer whether defendant should be sentenced to life without parole, but whether "he can be restored to the community."  The court noted that defendant is "still an unformed or not fully formed adult, and some of his thinking . . . definitely testifies to that lack of completeness."  It specifically noted that although defendant's crime was in part due to peer group pressure, he still had not yet developed the skills to make proper decisions and "there is more work to be done with regard to establishing a personality and mechanism by which he can resist improper peer group pressure."  The court addressed another *Miller* factor by noting that defendant made several decisions that may have increased the likelihood of being convicted.  It also noted that while defendant has potential for rehabilitation, he had a long way to go in order to return to society.  The court also considered the circumstances of the crime.

Having reviewed the resentencing transcript and PSIR, we conclude that the trial court adequately considered the *Miller* factors when resentencing defendant.  Accordingly, we affirm his sentence.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

---

[4] *People v Garay*, unpublished per curiam opinion of the Court of Appeals, issued October 28, 2021 (Docket No. 329091).

[5] We review sentencing decisions for an abuse of discretion.  See *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018).